IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01179-REB-MJW

THE WEITZ COMPANY, LLC, an Iowa limited liability company,
BAKER CONCRETE CONSTRUCTION, INC., an Ohio corporation,
LAFARGE WEST, INC., a Delaware corporation, and
BASE VILLAGE OWNER, LLC, a Delaware limited liability company,

Plaintiffs,

v.

CAPITOL PEAK LODGE CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

     It is hereby ORDERED that Plaintiffs' Unopposed Motion for Leave to file Amended Complaint Under Restricted Access Pursuant to D.C.COLO.LCivR 7.2 (Docket No. 6) is GRANTED for the following reasons.  Plaintiffs may file their Amended Complaint, Settlement Agreement, and other attachments to the Amended Complaint with the court under Level 1 Restricted Access.

     In this case, the Settling Parties seek to file an Amended Complaint under Level 1 Restricted Access, consistent with D.C.COLO.LCivR 7.2, that attaches the confidential Settlement Agreement and other attachments to the Amended Complaint which discloses the terms and conditions of the Settlement Agreement as well as negotiations culminating in the Settlement Agreement.  See other attachments to the Amended Complaint.  Filing the Amended Complaint under restricted access Level 1 serves the interests of maintaining the confidentiality of the Settlement Agreement and upholds the contractual agreement between the parties to maintain the confidentiality of the Settlement Agreement.  The public interest to be served in this action is the enforcement of the Settlement Agreement, and such public interest can be fulfilled without resorting to disclosing confidential settlement information or violating the confidentiality provision of the Settlement Agreement.  There is no public interest counseling in favor of disclosure in light of the strong confidentiality provision set forth in the Settlement Agreement.  If access is not restricted at Level 1 to the Amended Complaint, Settlement Agreement and to the attachments to the Amended Complaint, then the confidentiality of the Settlement Agreement would be breached.  Such

disclosure would be in contravention to the terms of the Settlement Agreement and would have a chilling effect on actions to enforce settlement agreements. In addition, such disclosure would eviscerate the confidentiality provision to which the parties agreed to in the Settlement Agreement. In this case and under these facts, there is no other viable alternative other than submitting the Amended Complaint, Settlement Agreement and other attachments to the Amended Complaint under Level 1 Restricted Access. The Amended Complaint, Settlement Agreement and other attachments to the Amendment Complaint are intertwined and connected. I note that this action concerns a dispute over the enforceability of a Settlement Agreement approved by counsel for both the Association and the Settling Parties. The only way to resolve this dispute is to have full disclosure - to the Court and amongst the parties - of the Settlement Agreement and its terms, conditions, and preceding negotiations. In this case, I find that no alternative remedies, such as redaction or partial disclosure, will suffice. Accordingly, the subject motion (Docket No. 6) should be granted at a Level 1 Restricted Access.

Date: May 29, 2013