IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01179-REB-MJW

THE WEITZ COMPANY, LLC, an Iowa limited liability company,
BAKER CONCRETE CONSTRUCTION, INC., an Ohio corporation,
LAFARGE WEST, INC., a Delaware corporation, and
BASE VILLAGE OWNER, LLC, a Delaware limited liability company,

Plaintiffs,

v.

CAPITOL PEAK LODGE CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation,

Defendant.

## RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6)
## (Docket No. 22)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 4) issued by Judge Robert E. Blackburn on May 6, 2013.

### BACKGROUND

This matter is a diversity action involving a luxury condominium property located in Snowmass Village in Pitkin County, Colorado (the "Property"). In 2010, after control in the Property was passed to defendant Capitol Peak Lodge Condominium Association, Inc. ("defendant" or "Capital Peak"), floor slope defects were discovered. On April 11, 2011, Capital Peak filed suit in Pitkin County District Court, Case No. 2011 CV 81, (the "Construction Defect Case") against the named plaintiffs in this matter for their alleged participation in the construction, engineering, design, and/or structuring of the concrete

slabs or supporting structures which caused the floor slope defects.

Pursuant to a mandatory arbitration clause found in the Property's Covenants, plaintiffs filed a Motion to Dismiss and Compel Arbitration in the Construction Defect Case. On May 31, 2012, the parties were ordered to mediate the dispute, and failing mediation, to submit the matter to arbitration.

In addition to the Construction Defect Case, a unrelated suit between twenty-eight individual unit owners and defendant Base Village Owner, LLC ("BVO") was filed in Pitkin County District Court, Case No. 2011 CV 168 (the "Individual Owners Case"). The individual owners alleged that BVO and its affiliated entities had purposefully misrepresented the square footage measurements of the units. The Individual Owners Case was dismissed on January 4, 2013. The court found that the individual owners had assigned their claims to Capital Peak pursuant to terms found in the Property's Covenants. Meanwhile, the parties to the Construction Defect Case (allegedly) reached an agreement to settle the case.

The matter before this court involves the scope and effect of the eventual Settlement Agreement (Docket No. 12-1) with respect to the Construction Defect Case and the Individual Owners Case. In its First Amended Complaint (Docket No. 12), plaintiffs seek declaratory relief recognizing that the Settlement Agreement is enforceable between the parties.

**PENDING MOTION**

Now before the court for a report and recommendation is Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Docket No. 22). The court has carefully considered the First Amended Complaint (Docket No. 12), the subject motion

(Docket No. 22), plaintiffs' response (Docket No. 32), and defendant's reply (Docket No. 36).  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).  Motions to dismiss pursuant to Rule 12(b)(1) take two forms.  First, a party may attack the facial sufficiency of the complaint, in which case the court must accept the allegations of the complaint as true.  Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact.  See id. at 1003.  A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56.  See id.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

4

need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all

reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

**ANALYSIS**

In Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Docket No. 22), defendant argues that the Settlement Agreement contains a mandatory forum selection clause requiring any enforcement action to be brought in Pitkin County District Court.

The Settlement Agreement's forum selection clause (actually titled "Choice of Law") states: "This Agreement shall be construed, interpreted and enforced in accordance with the laws of the State of Colorado. Any action to enforce this Agreement shall exclusively be brought in Pitkin County District Court, Colorado." Docket No. 12-1, sec. V, para. 7.

A forum selection clause is *prima facie* valid and a party contesting it bears a heavy burden of proof. Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 957 (10th Cir. 1972); see also Edge Telecom, Inc. v. Sterling Bank, 143 P.3d 1155, 1160 (Colo. App. 2006). In a diversity action such as this, whether a forum selection clause is enforceable is matter of the law of the forum state. Yavuz v. 61 MM, Ltd., 465

6

F.3d 418, 428 (10th Cir. 2006). Under Colorado law, a forum selection clause is enforceable unless it is unfair or unreasonable. Adams Reload Co. v. Int'l Profit Assoc., Inc., 143 P.3d 1056, 1060 (Colo. App. 2005). "Only a showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching, or lack of notice, would be sufficient to defeat a contract forum selection clause." Id. (citing Riley, 969 F.2d at 957).

Here, plaintiffs do not argue that the forum selection clause is unfair or unreasonable. Rather, plaintiffs cite to two Colorado cases for the more generally applicable estoppel rule that a breaching or repudiating party cannot subsequently enforce the provisions of a contract. See Technics, LLC v. Acoustic Marketing Research, Inc., 179 P.3d 123, 126 (Colo. App. 2007); Coors v. Sec. Life of Denver Ins. Co., 112 P.3d 59, 64 (Colo. 2005). Plaintiffs argue that since defendant has repudiated the Settlement Agreement, defendant cannot seek to enforce the forum selection clause therein.

The court notes that plaintiffs do not cite to any cases involving this estoppel rule in conjunction with the enforcement of a forum selection clause. On the other hand, defendants cite to several cases where courts have found that arguments similar to plaintiff's are misplaced. One specific case cited by defendants points out the flaw in such arguments in a particularly clear manner:

> Venue, by its terms, defines where an action "may . . . be brought." 28 U.S.C.S. § 1391. In addition, a challenge to venue should be addressed in a pre-answer motion. See Fed.R.Civ.P. 12(b)(3). As demonstrated by these provisions, the relevance of a venue inquiry is concentrated at the

> beginning of the litigation process. Moreover, prior to filing a responsive pleading to a complaint, a defendant need not admit or deny any facts, or take any position on the alleged existence of a contract. Therefore, the rules do not bar a defendant in a breach of contract action from moving to dismiss the action based on a forum-selection clause in the contract, and then later filing an answer denying the validity of that same contract. That the present Defendants chose to interpose unnecessary factual denials at this early stage in the litigation does not render those denials outcome determinative. This is particularly true where Plaintiff has chosen to bring suit on a contract, and essentially admits that the contract contains a valid and enforceable venue provision. Although I understand the intrinsic appeal of an estoppel-type argument against Defendant, I cannot accept it in this case.

CQ, Inc. v. TXU Mining Co., L.P., No. Civ.A. 05-1230, 2006 WL 278155, at *4 (W.D.Pa. Feb. 3, 2006); see also Cornett v. Carrithers, 465 Fed. Appx. 841, 844 (11th Cir. 2012) (stating that the application of the estoppel rule would mean "the mere pleading of the affirmative defense of 'first breach' would render every forum selection clause unenforceable"); Villanueva v. Barcroft, 822 F. Supp. 2d 726, 740 (N.D. Ohio 2011); Setzer v. Natixis Real Estate Capital, Inc., 537 F. Supp. 2d 876 (E.D.Ky. 2008).

This court agrees with the sound reasoning of the above courts, and finds that such reasoning applies to the circumstances as found in this matter. The court finds that defendants have failed to meet their burden to contest the Settlement Agreement's forum selection clause, and the clause is therefore enforceable. Accordingly, the court

8

finds it lacks subject matter jurisdiction, and this case should be dismissed without prejudice.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Docket No. 22) be **GRANTED** insofar as this court lacks subject matter jurisdiction and this case should be dismissed without prejudice.


**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date: October 31, 2013        s/ Michael J. Watanabe
       Denver, Colorado        Michael J. Watanabe
                                      United States Magistrate Judge